UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| $27,500.00 U.S. CURRENCY, | § | |
| Defendant. | § | |

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

Comes now Petitioner United States of America, by and through the United States Attorney for the Southern District of Texas, Alamdar S. Hamdani, and Assistant United States Attorney, Mary Ellen Smyth, pursuant to Rule G, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, and respectfully states as follows:

### NATURE OF THE ACTION

1.      This is a civil action for forfeiture *in rem* against $27,500.00 in United States currency ("Defendant Property"). This action is brought to enforce the provisions of Title 31 U.S.C §§ 5332(a)(1) and (a)(2). In support of this forfeiture complaint, the United States alleges on information and belief as follows:

### JURISDICTION AND VENUE

2.      This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355. The Defendant Property was seized at the Lincoln Juarez Bridge in Laredo, Texas, and is located in the Southern District of Texas. Accordingly, the Defendant Property is within the jurisdiction of this Court.

3.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355(b)(1), 1391(b), and 1395.

1

4.     The Defendant Property is in possession of the Department of Homeland Security United States Customs and Border Protection in the Southern District of Texas.

## STATUTORY BASIS FOR FORFEITURE

### 31 U.S.C. § 5332(a)(1) and (b)(2)

5.     31 U.S.C. § 5332(a)(1) makes it a crime for an individual to knowingly conceal more than $10,000 in currency or other monetary instruments on their person, in a conveyance, luggage, merchandise or other container when attempting to transport or transporting the currency internationally to or from the United States with the intent to evade the currency reporting requirement under 31 U.S.C. § 5316. 31 U.S.C. § 5332(c) provides for the forfeiture of any property involved in the offense of bulk cash smuggling or a conspiracy to commit such violation. The United States alleges that the Defendant Property was involved in a conspiracy to commit the offense of bulk cash smuggling and is subject to forfeiture.

### FACTUAL BASIS

6.     On June 15, 2023, at approximately 5:12 p.m., Rafael Alejandro Serrano Saucedo ("Serrano"), a Mexican national, presented himself for entry at lane #11 at the Lincoln Juarez Bridge in Laredo, Texas. Serrano was driving a 2020 Toyota Avanza bearing Nuevo Leon, Mexico tags SEE632A and had six passengers in the car. Customs and Border Protection Officer (CBPO) Andre Hernandez ("CBPO Hernandez") interviewed Serrano, who stated he was driving workers to Georgia. All occupants, including Serrano, gave a negative declaration.

7.     At secondary inspection, CBPO Jose Duenez interviewed the occupants who gave a second negative declaration and were then instructed to exit the vehicle for an inspection. CBPO Noel Martinez assisted in the inspection and discovered that one of the male passengers had a large sum on money on him. CBPO Joanna Llado and CBPO Fernande Elizalde also assisted in

inspecting the personal effects of the subjects and discovered a large sum of currency. Supervisor CBPO Michael Flores ("SCBPO Flores") was advised of and assisted with the inspection. SCBPO Flores discovered that each of the six passengers of the vehicle had in their possession $4,000.00 United States currency that they were told to cross into the United States by someone they didn't know. SCBPO Flores questioned Serrano who was also in possession of a large sum of United States currency. Serrano claimed the money he had was for a sick family member. SCBPO Flores authorized personal searches on all passengers.

8.      Serrano was patted down by SCBPO Flores and witnessed by CBPO Andrew Miller ("CBPO Miller"). Serrano had $5,050 U.S. dollars and 800 Mexican pesos which was verified by CBPO Miller. Serrano claimed $1,500 of the money in his possession was given to him from his company for travel expenses.

9.      $4,180 United States currency was found on passenger Marco Antonio Figueroa Alvarado when patted down by SCBPO Flores, of which he claimed $180 was his personal money.

10.      $4,715 United States currency and $220 Mexican pesos was found on passenger Antonio Morales Perez when patted down by SCBPO Flores.

11.      $4,370 United States currency and $2,020 Mexican pesos was found on passenger Mericio Jiminez Climaco when patted down by SCBPO Flores.

12.      $4,170 United States currency and $830 Mexican pesos were found on passenger Nayeli Arcos Ortiz when searched by CBPO Rhianon Fletcher ("CBPO Fletcher") and witnessed and verified by SCBPO Laura Martinez ("SCBPO Martinez").

13.      $4,295 United States currency and $940 Mexican pesos were found on Lidia Lizeth Rodriguez Castelan when patted down by CBPO Fletcher and witnessed and verified by SCBPO Martinez.

14.     $4,101 United States currency and $170 Mexican pesos were found on passenger Maria Daniela Juan Hernandez when patted down by SCBPO Martinez and verified by CBPO Fletcher.

15.     A secondary interview by CBPO Julio Martinez and CBPO Rey Hernandez confirmed the passengers were instructed to carry $4,000 U.S. dollars by a person they did not know. The driver, Serrano, also had $3,500 that he was supposed to cross for his company.

16.     The total amount of currency seized from the driver and passengers was $27,500.00.

## CONCLUSION

17.     Based on the foregoing facts, there is probable cause to believe that Defendant Property is subject to forfeiture under 31 U.S.C. § 5332(c). Serrano and the passengers concealed a portion of the Defendant Currency on their respective persons and attempted to transport the currency from the Mexico into the United States without declaring that they were bringing more than $10,000 into the United States on behalf of other person(s).

## NOTICE TO ANY POTENTIAL CLAIMANTS

18.     YOU ARE HEREBY NOTIFIED that if you assert an interest in the Defendant Property which is subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirements set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.  The verified claim must be filed no later than thirty-five (35) days from the date this Complaint has been sent in accordance with Rule G(4)(b).

19.     An answer or motion under Rule 12 of the Federal Rules of Civil Procedure must be filed no later than twenty-one (21) days after filing the claim.  The claim and answer must be filed with the United States District Clerk for the Southern District of Texas at United States

Courthouse, 1300 Victoria St., Laredo, TX 78040, and a copy must be served upon the undersigned

Assistant United States Attorney at United States Attorney's Office, 11204 McPherson Road, Suite

100A, Laredo, Texas, 78045.

## PRAYER

20.     Wherefore, the United States of America prays that due process is issued to enforce

the forfeiture of the Defendant Property, that due notice be given to all interested persons to appear

and show cause why forfeiture of the Defendant Property should not be decreed, that the Defendant

Property be condemned as forfeited to the United States to be disposed of according to law, and

for such other and further relief as this Honorable Court may deem just and proper.


Respectfully submitted,

Alamdar S. Hamdani
United States Attorney

By:     */s/ Mary Ellen Smyth*
        Mary Ellen Smyth
        Assistant United States Attorney
        United States Attorney's Office
        11204 McPherson Rd., Suite 100A
        Laredo, Texas 78045
        Telephone: 956-721-4964
        Mary.Ellen.Smyth@usdoj.gov




## VERIFICATION

I, Gabriel Rios, Special Agent with the United States Department of Homeland Security

Homeland Security and Investigations, hereby verify under penalty of perjury, pursuant to 28

U.S.C. § 1746, that the facts set forth in Paragraphs 6 through 16 in the foregoing Complaint for

Forfeiture in Rem are based upon my personal knowledge, upon information obtained from other

law enforcement personnel, or upon information I obtained in the course of my investigation, and

they are true and correct to the best of my knowledge and belief.

Executed on the 9th day of January 2024.

_____
Gabriel Rios, Special Agent
U.S. Department of Homeland Security
Homeland Security Investigations

STATE OF TEXAS
COUNTY OF WEBB

SUBSCRIBED and SWORN  to before me the undersigned Notary Public on this

9th day of January, 2024.

Teresa De Leon Cook,
Notary Public for the State of Texas

TERESA DELEON COOK
Notary ID #131955142
My Commission Expires
April 20, 2027